# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

ERNEST M. FLEISCHER,

       Plaintiff - Appellant,

  v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as
receiver for FRANKLIN SAVINGS
ASSOCIATION,

       Defendant - Appellee.

95-3143

---

ORDER

Filed May 8, 1997

---

Before ANDERSON, HENRY, and MURPHY, Circuit Judges.

---

The Federal Deposit Insurance Corporation's motion to publish opinion is granted. The order and judgment filed December 11, 1996 is reissued nunc pro tunc as a published opinion.

Entered for the Court
PATRICK FISHER, Clerk of Court

by:
Elisabeth A. Shumaker
Chief Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1996**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ERNEST M. FLEISHER,

      Plaintiff-Appellant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as
receiver for FRANKLIN SAVINGS
ASSOCIATION,

      Defendant-Appellee.

No. 95-3143

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 92-4018-DES)

---

Jeffrey J. Simon (Michael Thompson with him on the briefs), Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for Appellant.

Maria Beatrice Valdez, Federal Deposit Insurance Corporation, Washington, D.C. (Ann S. DuRoss, Assistant General Counsel, Thomas L. Hindes, Senior Counsel, and Sheila Kraft Budoff, Federal Deposit Insurance Corporation, Washington, D.C., Cynthia C. Dunham, and Emily Jane Bailey Martin, Leigh & Laws, Kansas City, Mo. with her on the brief), for Appellee FDIC, as receiver for Franklin Savings Association.

---

Before ANDERSON, HENRY, and MURPHY, Circuit Judges.

---

HENRY, Circuit Judge.

Plaintiff-appellant Ernest M. Fleischer appeals from the district court's order granting summary judgment to defendant-appellee the Resolution Trust Corporation ("the RTC") as receiver for Franklin Savings Association ("Franklin").[1]  Mr. Fleischer brought this action against the RTC, claiming that he was entitled under his contract of employment as chairman of the board of Franklin to unpaid compensation and severance pay.  The RTC contends that certain provisions of the federal regulations governing savings and loan associations preclude Mr. Fleischer's claims.  We accept jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.  BACKGROUND

Until at least February 15, 1990, Mr. Fleischer was chairman of the board of Franklin, a savings and loan association engaged in business in Kansas.  Mr. Fleischer's family controlled the majority of Franklin's stock and, as chairman,

---

[1]     The original defendant in this action was the RTC, in its capacity as conservator for Franklin.  On July 17, 1992, Franklin was placed in receivership with the RTC as receiver.  On December 31, 1995, the Federal Deposit Insurance Corporation ("the FDIC") succeeded the RTC as receiver of Franklin pursuant to the Resolution Trust Corporation Completion Act, 12 U.S.C. § 1441a(m)(1).  The FDIC filed a Notice of Statutory Succession and Substitution in this court on January 17, 1996.  For the sake of convenience and clarity, throughout this opinion we refer to the defendant-appellee as "the RTC."

Mr. Fleischer received $500,000.00 in annual salary plus fringe benefits.

On February 15, 1990, the Director of the Office of Thrift Supervision ("the OTS") determined that Franklin was in an unsafe and unsound condition and appointed the RTC as conservator of Franklin. On the same date, the RTC appointed John L. Carr as managing agent for the Franklin conservatorship. By letter dated February 16, the RTC requested that Mr. Fleischer turn over any "records or other property" in his possession belonging to Franklin. Aplt. App. at 67. On February 23, 1990, the RTC removed Mr. Fleischer from Franklin's payroll by placing him on an unpaid leave of absence retroactive to February 16, 1990. In a letter dated May 2, 1990, Franklin's director of human resources referred to the leave of absence beginning February 16 and informed Mr. Fleischer that his paid insurance benefits would continue only through May 31, 1990.

In January 1992, Mr. Fleischer brought this suit against the RTC in the United States District Court for the District of Kansas. Mr. Fleischer claimed that (1) because it was unclear when, or whether, he had been terminated, he was entitled under his employment contract to compensation from February 15, 1990 until the date he was terminated; and (2) if he had in fact been terminated, he was entitled under Franklin's policies to severance pay as a result. The RTC moved for summary judgment as to both of Mr. Fleischer's claims, initially arguing that

4

under 12 C.F.R. § 563.39(b)(5)(ii) (1991), Mr. Fleischer's contract had terminated by operation of law on February 15, 1990, the date the conservatorship was imposed. In the alternative, the RTC argued that it had repudiated his contract effective February 16, 1990, by placing him on unpaid leave of absence. The district court denied this initial summary judgment motion because, although the court opined that "the RTC's argument has merit," it found that the record lacked certain threshold facts. Aplt. App. vol. II, at 525 (District Court Memorandum and Order dated March 31, 1995); see id. at 620 (District Court Order and Memorandum dated April 12, 1995).

The parties thereafter agreed that the missing facts were beyond dispute and requested leave to renew the RTC's motion as supplemented with the previously omitted evidence. The court properly granted leave to file the renewed motion because it found that doing so would best secure "the just, speedy, and inexpensive determination" of the claim, and because Mr. Fleischer did not oppose the renewal. See id.; Fed. R. Civ. P. 1. The district court granted the RTC's renewed motion for summary judgment, based on the court's interpretation of 12 C.F.R. § 563.39. Mr. Fleischer appealed the grant of summary judgment.

## II. DISCUSSION

Mr. Fleischer argues on appeal that the district court erred in granting the

RTC's motion for summary judgment because, he contends, he has raised a genuine triable issue as to both of his claims. We consider sequentially Mr. Fleischer's claims that he is entitled to (1) compensation and (2) severance pay. Our review of the district court's order granting summary judgment is governed by the following well-established standard:

> We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When applying this standard, we apply the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.

Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995) (citations omitted).

### A. Compensation from February 15 until termination

Mr. Fleischer argues first that the district court erred in granting summary judgment to the RTC with respect to his claim that he is entitled to receive compensation for the period from February 15, 1990, when the conservatorship was imposed, until the date of his termination. He claims to have raised a genuine triable issue as to whether he was terminated as of February 15.

The RTC responds that the applicable federal regulations preclude this argument in two ways. First, the RTC argues that Mr. Fleischer did not have an

6

enforceable employment contract because it was not "in writing and . . . approved specifically by [the] association's board of directors." 12 C.F.R. § 563.39(a). Second, it contends that, if Mr. Fleischer did have an enforceable employment contract, it was terminated by operation of law on February 15. Because we hold that whatever contract Mr. Fleischer had was indeed terminated by operation of law under § 563.39(b)(5), we need not consider whether the contract met the "in writing" requirement of § 563.39(a).

Part 563 of Title 12 of the Code of Federal Regulations sets forth regulations governing the operations of savings associations. See 12 C.F.R. §§ 563.1-563.191 (1991). Section 563.39 sets forth mandatory conditions for employment contracts between a savings association and its personnel.[2] See 12 C.F.R. § 563.39(a)-(b). Section 563.39(b)(5) places the following condition on a savings association's employment contracts:

> (5)    All obligations under the contract shall be terminated, except to the extent determined that continuation of the contract is necessary of [sic] the continued operation of the association
>         . . .
> (ii)    by the Director [of the OTS] or his or her designee, . . . when the association is

---

[2]    Sections 563.39(a) and (b), on their terms, apply only to contracts between a savings association and its "officers and other employees." See 12 C.F.R. § 563.39(a). The parties agree that Mr. Fleischer, as chairman of the board, was an officer for purposes of these provisions. Aplt's Br. at 22; Aple's Br. at 14; see 12 C.F.R. § 561.35 (defining "officer").

7

> determined by the Director to be in an
> unsafe or unsound condition.
>
> Any rights of the parties that have already vested,
> however, shall not be affected by such action.

12 C.F.R. § 563(b)(5).

It is undisputed that the OTS determined Franklin to be in an unsafe and unsound condition on February 15, 1990. Thus, unless the Director or his designee had determined that Mr. Fleischer's continued employment was necessary to the continued operation of the association, Mr. Fleischer's contract would have terminated on February 15. See Romines v. Great-West Life Assurance Co., 73 F.3d 1457, 1461 (8th Cir. 1996) ("[A]ll employment contracts entered by savings and loans . . . automatically terminate in the event the institution was found unsafe."); Aronson v. RTC, 38 F.3d 1110, 1113 (9th Cir. 1994) (denying a claim for pension benefits on the grounds that the governing employment agreement had terminated by operation of § 563.39(b)); Modzelewski v. RTC, 14 F.3d 1374, 1378-79 (9th Cir. 1994). The district court held that Mr. Fleischer had produced no evidence sufficient to raise a genuine issue as to whether the OTS had determined that his continued employment was necessary.

Mr. Fleischer argues that, although no such express determination was made, he has presented sufficient evidence from which a jury could infer that the RTC, as designee of the OTS, did decide that his continued employment was

8

necessary to the continued operation of the association. Mr. Fleischer contends that "the RTC believed that the complex nature of [Franklin's] operations and investment strategies required [that he] be available for consultation and advice." Aplt's Br. at 24-25. He also claims that he "continued performing tasks" for Franklin during the first week of the conservatorship. Id. at 7. Furthermore, he asserts that the words and actions of agents of the RTC suggest that they believed they needed to take affirmative steps to terminate him, casting doubt on the RTC's argument that he was terminated on February 15 by operation of law. To support these claims, Mr. Fleischer cites evidence that Franklin's personnel list did not indicate that he was terminated; that the appointed managing agent, Mr. Carr, took steps under RTC procedures to seek authority from Washington to terminate him; and that he continued to receive COBRA benefits through May 1990. Id. at 23-25.

None of this evidence raises a genuine issue as to whether the RTC deemed Mr. Fleischer's continued employment necessary. Mr. Carr, the managing agent of the conservatorship, avers that "[he] made the determination that the continuation of any employment contract which Ernest Fleischer may have had with [Franklin] was not necessary for the continued operation of the association." Aplt. App. vol. II, at 588 (emphasis added). Mr. Fleischer does not dispute that he was (1) asked to turn over his records; (2) removed from the payroll effective

9

February 16, 1990; (3) given his COBRA notification; and (4) not paid for the seventeen months preceding his initiation of this lawsuit. Given this barrage of rejection, we cannot discern any reasonable basis for a determination that the RTC considered Mr. Fleischer necessary to the continued operation of Franklin. Cf. Federal Savings and Loan Ins. Corp. v. Quinn, 922 F.2d 1251, 1253, 1257 (6th Cir. 1991) (holding that the FSLIC "triggered the exception" to the termination provision of § 563.39 by recruiting and hiring new bank officers after a conservatorship had been imposed and emphasizing that these contracts "were negotiated by the FSLIC with the hope of securing new managers who could" guide the association out of its "unsafe" condition). We conclude that Mr. Fleischer's employment contract was terminated on February 15, 1990 by operation of § 563.39(b)(5) and that the district court properly granted summary judgment to the RTC on this claim. See MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1440 (10th Cir. 1996) (affirming the grant of summary judgment for the defendant because no reasonable jury could return a verdict for the plaintiff).

### B. Severance pay

Mr. Fleischer argued in the district court that if he was legally terminated, then he is eligible to receive severance pay under Franklin's severance pay policy. The parties agree that the severance pay policy requires that, in order for an

employee to be eligible, his termination must have been "based upon reduction of the work force." Aplt's Br. at 26; Aple's Br. at 29. The district court noted that Mr. Fleischer had not specifically alleged that his termination was based on a reduction of the work force and concluded that he did not qualify for severance pay anyway because he had been terminated by operation of law and not due to a reduction in the work force.

On appeal, Mr. Fleischer argues that the record contains sufficient evidence for a jury to conclude that he was indeed terminated based upon a reduction in the work force, citing principally the RTC's decision to place him on an unpaid leave of absence instead of explicitly terminating him "for cause." See Aplt's Br. at 26-27. Because Mr. Fleischer did not make this argument in the district court, we need not consider it. See Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir. 1989) (holding that "[t]his court will generally not address issues that were not considered and ruled upon by the district court" and stating the "narrow exceptions" to this rule). In any event, as stated above, Mr. Fleischer was terminated by operation of law. See Crocker v. RTC, 839 F. Supp. 1291, 1295-96 (N.D. Ill. 1993) (termination of an employment agreement by operation of § 563.39(b) precludes collection of severance benefits); see also Aronson, 38 F.3d at 1113 (denying a claim for pension benefits under a contract that was terminated

11

by operation of § 563.39(b)).  Our de novo review of the record reveals no evidence that he was laid off for purposes of work force reduction.

### III.  CONCLUSION

For the reasons fully discussed above, that is, that Mr. Fleischer raised no genuine issue either as to whether he was terminated by operation of law on February 15, 1990 or as to whether he was eligible for severance pay, we AFFIRM the order of the district court.