**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 27 1998**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

CHARLES NESTELL,

Petitioner-Appellant,

v.

No. 98-6148
(W. District of Oklahoma)
(D.C. No. 98-CV-263)

KEN KLINGER; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The court therefore orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Charles Nestell's application for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that denial of § 2254 petition is not appealable unless petitioner first obtains certificate of appealability). Because Nestell has failed to make "a substantial showing of the denial of a constitutional right," he is not entitled to a certificate of appealability. *Id.* § 2253(c)(2).

Nestell was sentenced to ten years in the custody of the Oklahoma Department of Corrections pursuant to his pleas of guilty to one count of assault and battery with a deadly weapon and two counts of assault and battery on a police officer. Nestell pleaded guilty to and was sentenced on the assault counts in 1996. In 1997, the Governor of Oklahoma signed into law the Oklahoma Truth in Sentencing Act (the "Act"). *See* 1997 Okla. Sess. Laws ch. 133. Among other particulars, the Act established a sentencing matrix that apparently would have provided a lighter sentence than Nestell received under pre-Act law. Nestell then filed a petition for collateral relief in Oklahoma. As grounds for the petition, Nestell asserted that the Act applied retroactively and that he was entitled to be resentenced under the Act's sentencing matrix. He further asserted that failure to apply the Act retroactively would violate the Equal Protection Clause of the United States Constitution. The Oklahoma Court of Criminal Appeals denied Nestell relief, concluding that the sentencing matrix portion of

the Act did not apply retroactively and that the Equal Protection Clause did not require Oklahoma to retroactively reduce the sentences of convicts each time it revised its sentencing scheme to lessen culpability for a given crime. *Nestell v. State*, 954 P.2d 143, 144-45 (Okla. Crim. App. 1998)

The heart of Nestell's § 2254 petition is that the Oklahoma Court of Criminal Appeals incorrectly decided, as a matter of Oklahoma law, that the sentencing matrix provisions of the Act do not apply retroactively. As aptly noted by the district court, however, these claims raise issues of state law which are not cognizable in a federal habeas petition. *See King v. Champion*, 55 F.3d 522, 527 (10 th Cir. 1995); *Cotner v. Hargett*, 1998 WL 4334 at *3 (10 th Cir. Jan.8, 1998) (unpublished disposition) (implying that sentencing claims under the Act raise only questions of state law). Furthermore, the district court noted Nestell's equal protection claim failed because he was not similarly situated to those who committed their crimes after the effective date of the Act. *See Castillo v. State*, 954 P.2d 145, 147 (Okla. Crim. App. 1998) (rejecting exact equal protection claim advanced by Nestell); *see also United States v. Haines*, 855 F.2d 199, 200 (5 th Cir. 1988) ("[T]here is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed."). Finally, the district court noted that Nestell's *ex post facto* argument failed

because the Act did not impose a punishment on Nestell greater than the statute in effect at the time his crimes were committed.

This court has reviewed Nestell's application for a certificate of appealability and opening brief, the district court's Order, and the entire record on appeal. That review makes clear that the district court's resolution of the issues raised by Nestell is not deserving of further proceedings, debatable among jurists of reason, or subject to a different resolution on appeal. *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Because Nestell has not demonstrated his entitlement to a certificate of appealability, this appeal is hereby **DISMISSED**.[1]

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge

---

[1]Nestell has filed a Motion to Present Newly Discovered Evidence with this court. The motion references a news capsule which, according to Nestell, demonstrates that at least one Oklahoma district court applied the Act retroactively in one case. Even assuming that the news capsule is accurate, Nestell has not identified any authority for the proposition that a single erroneous retroactive application of the Act in clear violation of the Oklahoma Court of Criminal Appeals' decision in *Nestell* entitles him to similar treatment. Accordingly, Nestell's motion is **DENIED**.