**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER MULHAUSEN,

      Petitioner - Appellant,

v.

KEN KLINGER,

      Respondent - Appellee.

No. 98-6270

W.D. Oklahoma

(D.C. No. CIV-97-1835-C)

**ORDER AND JUDGMENT**   *

Before **ANDERSON** , **McKAY** , and **LUCERO** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

      Christopher Mulhausen seeks a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), that would enable him to appeal the dismissal of his habeas

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

corpus petition, filed pursuant to 28 U.S.C. § 2254. We deny a certificate of appealability and dismiss the appeal.

Mulhausen pled guilty to charges of assault with a dangerous weapon, leaving the scene of an accident with personal injury, and reckless driving, for which he received a combined sentence of ten years imprisonment, and also to a charge of possession of a controlled substance, for which he was sentenced to an additional three years imprisonment, with the sentences to run consecutively. Mulhausen did not appeal.

On June 17, 1997, Mulhausen filed an application for post-conviction relief in Oklahoma state court. The state district court denied his application on July 16, 1997, holding that Mulhausen's claims were premature. Mulhausen then appealed the state district court's decision to the Oklahoma Court of Criminal Appeals; that court denied relief on procedural grounds on October 28, 1997, because Mulhausen had neglected to present the state appellate court with a record of the proceedings below, as specifically required by Rules 5.2 and 5.3 of the Rules of the Court of Criminal Appeals.

On November 14, 1997, Mulhausen filed a petition for a writ of habeas corpus in federal district court. Mulhausen does not argue, in either his state or federal post-conviction petitions, that his convictions were illegally obtained. Rather, the gravamen of both his state and federal post-conviction petitions is that

the Oklahoma Truth in Sentencing Act, passed in April 1997 and effective (in relevant part) on July 1, 1998, is a new and intervening change in the law which requires modification of his sentences.

The federal district court referred the matter to a magistrate judge, who issued a report recommending dismissal of Mulhausen's petition on any one of three grounds: first, that Mulhausen's petition should be barred due to his procedural default before the state appellate court and failure to show cause, prejudice, or manifest injustice; second, that, even if Mulhausen was not barred due to procedural default, his petition should be dismissed because his claims center around an application of state law, and habeas relief lies only for errors of the federal Constitution or other federal law; and third, that Oklahoma state courts had already held the Oklahoma Truth in Sentencing Act inapplicable to prisoners, such as Mulhausen, who committed crimes prior to the effective date of the act—July 1, 1998. See Castillo v. State, 954 P.2d 145 (Okla. Crim. App. 1998); Nestell v. State, 954 P.2d 143 (Okla. Crim. App. 1998). Thus, the magistrate judge reasoned that even if Mulhausen could overcome the considerable procedural bars that stood in his way, his petition would fail in any event.

Mulhausen filed objections to the magistrate's report and recommendation. In this document, he essentially "rehashe[d]" the same arguments he had made in his original filings with the federal district court. See R. Tab 12, at 1 (district

court's order). The district court, in an order dated June 17, 1998, adopted the magistrate judge's report and recommendation in its entirety, stating that the "convoluted argument[s]" in Mulhausen's "objection motion" were not persuasive, and denied his petition for habeas relief.      Id.

On appeal to this court, Mulhausen makes no new argument regarding his procedural default before the Oklahoma Court of Criminal Appeals. Rather, the bulk of Mulhausen's lengthy appellate brief contains arguments going to the merits of his petition. To the extent Mulhausen is arguing an entitlement to a resentencing under the new Oklahoma law, his claims are foreclosed. We think that the magistrate judge's well-reasoned report and recommendation fully and completely disposes of any claim Mulhausen might have to resentencing under the new law. In any event, we have previously held, in a case nearly identical to this one, that Oklahoma prisoners in Mulhausen's situation are not entitled to resentencing under the new law.     Nestell v. Klinger  , 1998 WL 544361, at *1 (10th Cir. Aug. 27, 1998) (unpublished).

However, to the extent Mulhausen is arguing that the Oklahoma Truth in Sentencing Act, because it eliminates certain pre-parole and early release programs, violates the Ex Post Facto Clause, the situation is different. We have recently held that an Oklahoma prisoner, in a situation nearly identical to Mulhausen's, was entitled to a certificate of appealability on such a claim.      Blue

-4-

v. Klinger , 1998 WL 738341, at *2 (10th Cir. Oct. 22, 1998) (unpublished).  Even

assuming, however, that Mulhausen has properly presented such a claim to us, [1]

and even assuming that Mulhausen could show that he would have been entitled,

under the old scheme, to an early release, he still cannot escape his procedural

default before the state appellate court.  Mulhausen defaulted his claims before

the state appellate court, and, on habeas review, the district court found that

Mulhausen could not excuse this default by showing cause and prejudice or

manifest injustice.  Mulhausen has presented us with nothing, on appeal, to

persuade us that the district court erred in so holding.

After reviewing the file and the arguments made by Mulhausen, both below

and on appeal, we conclude that he has not made a "substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c).

Accordingly, we GRANT Mulhausen's request to proceed in forma

pauperis, GRANT his request to supplement his opening brief, GRANT his

---

[1]In his petition for habeas corpus relief before the district court, Mulhausen presented only one claim for the district court's review:  resentencing.  R. Tab 1, at 6-8.  On appeal, however, Mulhausen appears to have injected several other claims for relief into his appellate brief, including a claim that the Truth in Sentencing Act is an ex post facto law because it eliminates certain early release programs.  Appellant's Br. at 22.  Appellate courts sit to correct errors made by district courts, and we simply cannot consider claims made for the first time on appeal.  See Walker v. Mather (In re Mather), 959 F.2d 894, 896 (10th Cir. 1992).

request to present newly discovered evidence, DENY a certificate of appealability, and DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge