**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY JOE McMEEKAN,

       Petitioner - Appellant,

    v.

KEN KLINGER,

       Respondent - Appellee.

No. 98-6247

(W.D. Oklahoma)

(D.C. No. CIV-98-463-L)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    Danny Joe McMeekan, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

U.S.C. § 2254 habeas petition. McMeekan also seeks leave to appeal in forma pauperis.[1] We grant leave to proceed in forma pauperis; we grant a certificate of appealability; and we affirm in part, reverse in part and remand for further proceedings.

On March 8, 1996, McMeekan pleaded guilty to possession of marijuana and to escape,[2] and he was sentenced to seven years' imprisonment on each conviction. Although he did not directly appeal, he eventually initiated state court post-conviction proceedings, based upon a claim to relief which "rest[ed] entirely upon an argument that he [was] being denied equal protection," in that he had received a harsher sentence than similarly situated persons who would be sentenced under Oklahoma's newly enacted Truth In Sentencing Act, 1997 Okla. Sess. Laws ch. 133. R. Vol. I, Doc. 1, Exh. at 2. On February 5, 1998, the Oklahoma Court of Criminal Appeals affirmed the state district court's denial of McMeekan's petition. Id., Doc. 1, Exh.

Following the adverse state court decision, McMeekan filed a § 2254 petition in federal court in the Western District of Oklahoma, and the case was

_____

[1]We note that 28 U.S.C. § 1915(a)(2) and (b) do not apply to § 2254 proceedings. United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997).

[2]Apparently, McMeekan has now completed the three year term of imprisonment for his original offense, petit larceny. See Order Affirming Denial of Post-Conviction Relief (Okla. Crim. App.), R. Vol. I, Doc. 1, Exh. at 1.

referred to a magistrate judge.[3] Noting that McMeekan's petition grounds consisted of a single paragraph "which is a copy of a pleading being presented to this Court by several Oklahoma prisoners," and that the "specific allegations of his claims are unclear," id., Doc. 3 at 4, nonetheless, the magistrate broadly construed the petition to claim both that McMeekan's sentence should be recalculated under the new provisions, and that failure to do so constituted a denial of equal protection. Id., Doc. 3 at 3-4. After a thorough analysis of the state court proceedings and McMeekan's apparent claims, the magistrate judge recommended that the petition be dismissed. Id., Doc. 3 at 8.

McMeekan then filed timely objections, in which, for the first time, he raised a claimed Ex Post Facto Clause violation because the new Truth in Sentencing Act eliminated two early release programs for which he claimed qualification. Id., Doc. 4 at 2. Reciting its "careful review of plaintiff's objections to the Report and Recommendation, and upon de novo review of the file," the district court found the objections "insufficient to overcome the conclusions of the Magistrate Judge" which the district court adopted. Id., Doc. 5.

_____

[3]The magistrate judge noted that although McMeekan was incarcerated in the Western District, he had been tried in the Northern District of Oklahoma. Thus, the court's ordinary practice would be to transfer the case–however, since the petition made no cognizable claims, transfer was unnecessary. R. Vol. I, Doc. 3 at 2.

As to those issues which the magistrate judge considered, we find that McMeekan has failed to make a substantial showing of the denial of a constitutional right, and therefore we decline to issue a certificate of appealability. However, we reach a different conclusion on the claimed violation of the Ex Post Facto Clause.[4] As we previously indicated in an appeal that raised the identical question, Blue v. Klinger, No. 98-6159. 1998 WL 738341 (W.D. Okla. Oct. 22, 1998) (unpublished), "to the extent [petitioner] is asserting the Act's elimination of pre-parole and early release programs violates the Ex Post Facto Clause," the claim presents a substantial showing of the denial of a constitutional right which requires case-specific consideration. Id. at *2 (citing Lynce v. Mathis, 519 U.S. 433 (1997), Weaver v. Graham, 450 U.S. 24, 28 (1981), and Raymer v. Enright, 113 F.3d 171, 174 (10th Cir.), cert. denied, 118 S. Ct. 188 (1997)).

Accordingly, we GRANT McMeekan's application to proceed in forma pauperis. Because he has made a substantial showing of the denial of a constitutional right, we GRANT his request for a certificate of appealability. The judgment of the district court is AFFIRMED in part and REVERSED in part, and this matter is REMANDED for further proceedings consistent with this order.

---

[4]Because the district court apparently considered the ex post facto argument on the merits, we consider it properly before us in this appeal.

- 4 -

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge