**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY GENE WELCH,

     Petitioner - Appellant,

vs.

RON CHAMPION, Warden,

     Respondent - Appellee.

No. 99-7070
(D.C. No. 98-CV-480)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

     Mr. Welch, an inmate appearing pro se, seeks to appeal from the district court's dismissal of his habeas petition, 28 U.S.C. § 2254. Although Mr. Welch did not exhaust his claims, the district court determined that requiring exhaustion would be futile and that the petition should be denied pursuant to 28 U.S.C. § 2254(b)(2) because it raised state law issues.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Mr. Welch claims that his sentence, imposed prior to passage of the Oklahoma Truth in Sentencing Act, should be adjusted downward. He claims that the Act has disadvantaged him because he would receive a lighter sentence under the sentencing matrix established by the Act. He claims an equal protection violation because he is punished differently from those convicted after passage of the Act.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Whether the Act should be applied retroactively is a question of state law, not one of Constitutional dimension. "'[T]here is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed.'" Nestell v. Klinger, No. 98-6148, 1998 WL 544361 at *1 (10th Cir. Aug. 27, 1998) (unpublished) (quoting United States v. Haines, 855 F.2d 199, 200 (5th Cir. 1988).

We DENY Mr. Welch's application for a certificate of appealability and

dismiss the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge