F I L E D
United States Court of Appeals
Tenth Circuit

DEC 2 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEFFREY LYNN SPARKMAN,

    Petitioner-Appellant,

v.

KEN KLINGER; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

    Respondents-Appellees.

No. 99-6244

(D.C. No. CIV-98-62-R)
(W.D.Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** and **BRISCOE** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Petitioner Jeffrey Lynn Sparkman, a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254 habeas petition. Because Sparkman has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

On February 2, 1993, Sparkman pleaded guilty to attempted second degree burglary after former conviction of two felonies and he was sentenced to twenty years' imprisonment. He did not file a direct appeal or a motion to withdraw his plea. In 1997, Sparkman filed an application for post-conviction relief in state court, which was denied on June 13, 1997. The Oklahoma Court of Criminal Appeals affirmed the denial on December 12, 1997, finding none of the provisions of the Oklahoma Truth in Sentencing Act cited by Sparkman required resentencing of inmates convicted of crimes prior to July 1, 1998. Sparkman filed his § 2254 petition on January 14, 1998, seeking relief based on the Oklahoma Truth in Sentencing Act, 1997 Okla. Sess. Laws ch. 133. The magistrate judge recommended denial of habeas relief and the district court adopted the findings of the magistrate and denied relief.

On appeal, Sparkman contends the Act eliminated programs for which he was eligible and, therefore, the Act is "unconstitutional as ex post facto application." He relies on McMeekan v. Klinger, No. 98-6247, 1998 WL 852551 (10th Cir. Dec. 10, 1998), where this court determined petitioner's assertion that

2

the Act's elimination of the pre-parole and early release programs violated the Ex Post Facto Clause presented a substantial showing of the denial of a constitutional right that required case-specific consideration.

We review the district court's factual findings for clear error and its legal conclusions de novo. See Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999). However, we may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Oklahoma prisoners are not entitled to resentencing under the Act. See Nestell v. Klinger, No. 98-6148, 1998 WL 544361 (10th Cir. Aug. 27, 1998). "A decrease in potential benefits after incarceration does not amount to an increase in the punishment prescribed at the time the act was committed." Still v. Klinger, No. 98-6227, 1999 WL 569058 (10th Cir. Aug. 4, 1999).

The district court found Sparkman was not entitled to participate in the pre-parole conditional supervision programs and that it was speculative at best that his ultimate release date was affected by elimination of those programs, that the house arrest program was not affected by the Act, and that neither the electronic monitoring program nor the specialized supervised release program

3

was in existence at the time Sparkman committed his crime. The district court did not err in finding Sparkman presented no viable claim.

Sparkman's request for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge