Application of George ERATH, No. 62858 OSP For Writ of Habeas Corpus, Petitioner.

No. A–12987.

Court of Criminal Appeals of Oklahoma.

March 22, 1961.

George Erath, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceedings wherein petitioner filed in this Court his petition for writ of habeas corpus alleging that he is illegally confined in the Oklahoma State Penitentiary. Attached to petitioner's application is a copy of the complaint in county court, the warrant issued, and order binding the petitioner over to District Court. There is likewise attached the information filed in District Court charging defendant with larceny of an automobile after prior conviction of a felony, and the Judgment and Sentence of the District Court.

Petitioner in the instant case argues that his confinement is illegal by reason of the fact that he was denied a preliminary. That he was sick when he signed his statement admitting the offense. That his illness was the result of D.T.'s brought about by having been under the influence of alcohol for two months and abruptly taken off the bottle. Petitioner further states that his court appointed attorney was the law partner of the father of the assistant county attorney. Petitioner argues that by virtue of these things he was denied a fair and impartial trial.

The records before the Court do not bear out all of defendant's contentions. There is before the Court an order made in case No. 18693 made by Will H. Willis, county judge, before whom the complaint was filed, binding petitioner over to District

Court. The order was filed on October 26, 1959. It recites in part that defendant appeared in person and after being advised of his constitutional rights waived preliminary hearing. Whereupon, the court set bond in the sum of $2,000 for said defendant to appear before the District Court. The Information was filed in District Court on October 26 under No. 3337. Attached to petitioner's petition is a judgment and sentence in District Court case No. 3337 wherein it is recited:

"Now on· this 26th day of October 1959 * * * the above defendant George Erath appeared and is present· in person before the bar of said court for arraignment upon the charge contained in the information in said cause, and thereupon said information was read to said defendant, George Erath, and the court explained fully to him the nature of the accusation against him and the consequences of his plea and also all of his rights, including his right to counsel, to trial by jury and time in which to plead, and he states to the court that he desired to voluntarily waive his rights to trial by jury, to counsel and as to time, and desires to enter his plea at this time and he was then asked by the court whether he is guilty or not guilty of the crime charged in said information * * *"

Thereupon defendant plead guilty and sentence was pronounced. To this Court the judgment and sentence appears to be valid upon its face. In examining the record before us it appears that the trial court had jurisdiction of the person, of the subject matter and authority under the law to pronounce the sentence imposed.

This Court is limited in its inquiry upon habeas corpus proceedings to these essential elements of jurisdiction. See Ex parte Cannes, 77 Okl.Cr. 71, 138 P.2d 561.

■ It is the opinion of this Court that the other matters complained of by petitioner are not jurisdictional in nature and are matters that should have been raised by direct appeal. Our records do not reveal an appeal from the judgment and sentence of the trial court. This Court has often held that the writ of habeas corpus may not be invoked as a substitute for an appeal, but may be brought only to determine whether the court by its action was without jurisdiction either of the person or subject matter, or was without jurisdiction to pronounce the judgment and sentence.

■ From a thorough review of the record available the Court fails to find a jurisdictional question sufficient to grant relief by habeas corpus.

It appears from the instruments before us that petitioner was apprised of his constitutional rights, waived his rights to a preliminary hearing, time in which to plead, and benefit of counsel.

Therefore, the writ is denied.