In the Matter of the Application of Theodore Deforest SALISBURY for Writ of Habeas Corpus.

No. A–13054.

Court of Criminal Appeals of Oklahoma.

June 21, 1961.

Theodore Deforest Salisbury, McAlester, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original action in which the petitioner seeks his release from confinement in the State Penitentiary at McAlester, by writ of habeas corpus. The petition was filed herein on May 11, 1961 by the prisoner without the aid of counsel. He alleges that he was sentenced to four years in the penitentiary by the district court of Tulsa County on a plea of guilty entered to a charge of uttering a forged instrument, and that he was sentenced at the December, 1960 term of court. The date of sentence is not given.

■ Petitioner failed to attach a certified copy of the information and of the judgment and sentence of the trial court. It is highly important that such copies be attached, since it has been repeatedly held that the writ of habeas corpus is limited to cases where the judgment and sentence of the trial court is clearly void, and that the Court of Criminal Appeals on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law, over which the court has jurisdiction. In re Richardson, Okl.Cr., 283 P.2d 855.

Petitioner's only contention for relief seems to be that he entered a plea of guilty to the charge on the assumption that he would be given credit on any sentence entered against him for the time he had spent in the county jail. He does not indicate how long he was held in jail, and no proof is offered of any promises made him. All we have before us is the unverified statement of petitioner.

■ It should be kept in mind that where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question of whether the court in which he was convicted had jurisdiction of the person of the defendant, of the crime charged, and had jurisdiction to render the particular judgment and sentence. In re Erath, Okl.Cr., 360 P.2d 735; Porter v. Raines, Okl.Cr., 359 P.2d 1085.

Petitioner offers no proof, and does not assert that the district court of Tulsa County lacked jurisdiction of the defendant, of the subject matter, or was without authority to pronounce the judgment rendered.

■■ We have held many times that it is fundamental that where a petition for writ of habeas corpus is filed, the burden is upon the petitioner to sustain the allegations thereof, and every presumption favors the regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record—it is never presumed. Ex parte Hall, 91 Okl.Cr. 11, 215 P.2d 587; Allen v. Raines, Okl.Cr., 360 P.2d 949, and cases cited.

■ We are of the opinion that the petitioner has failed to make out a prima facie case showing that his confinement is unlawful, and the petition for writ of habeas corpus is therefore denied.

NIX, P. J., and BUSSEY, J., concur.