**Audie Ray HARVEY, Petitioner,**

v.

**Ray H. PAGE, and the State of Oklahoma, Respondents.**

**No. A–14239.**

Court of Criminal Appeals of Oklahoma.

May 17, 1967.

Audie Ray Harvey pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

This is an original proceeding in habeas corpus brought by the petitioner, Audie Ray Harvey, to secure his release from imprisonment in the State Penitentiary at McAlester.

Petitioner alleges that he was charged by information in Garvin County with the crime of second degree burglary, convicted and formally sentenced on October 27, 1966 to serve five years in the State Penitentiary.

Petitioner alleges that he is being unlawfully restrained of his liberty by Ray H. Page, and "that said restraint is in violation of the laws of the United States and its constitution."

Petitioner further states that the district court of Garvin County, Oklahoma denied petitioner his constitutional rights of an attorney and convicted petitioner "without giving him aid of a counsel."

This Court has repeatedly held that where an inmate of the penitentiary wishes to challenge the judgment and sentence pronounced against him, he should attach to his petition a certified copy of the information, and a certified copy of the judgment and sentence; that the right of habeas corpus is limited to cases where the judgment and sentence of the court attacked is clearly void, and that the Court of Criminal Appeals in habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction.

It is not enough for a petitioner to simply allege error in his conviction. The burden is upon him to prove the grounds upon which he relies for his release, and unsupported statements of the petitioner do not meet the requirements of

proof, and do not make out a prima facie case. Lavender v. McLeod, Okl.Cr., 325 P.2d 1080; In re Salisbury, Okl.Cr., 363 P.2d 380.

 For the above reasons, the petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.