**Melvin Leroy MAHLER, Petitioner,**

v.

**The STATE of Oklahoma, and Stephen W. Kaiser, Warden, Respondents.**

**No. PC–89–560.**

Court of Criminal Appeals of Oklahoma.

Dec. 5, 1989.

## ORDER ON RECONSIDERATION

On June 20, 1989, this Court issued an order granting post conviction relief to Petitioner; and by so doing, we exercised appellate review of a decision of the Department of Corrections regarding the amount of credit that should be applied to Petitioner's sentences. On October 10, 1989, we issued an Order Withdrawing Order wherein we held that this Court did not have the proper jurisdiction to issue the Order of June 20, 1989, due to the fact that the process of granting credits to an inmate's sentence is an administrative function of the Department of Corrections, and as such is not reviewable by this Court. Appellate review of *administrative procedures* is properly a matter for the Oklahoma Supreme Court. *Carder v. State*, 595 P.2d 416 (Okl.1979). We therefore find that this order is necessary to conclude the matter pending in this Court.

There must be an attack upon the conviction or imposition of sentence to invoke the authority of the Post–Conviction Procedure Act, 22 O.S.1981, § 1080, *et seq.* This case does not involve such an attack. It is a complaint about the administration of the sentence by the Department of Corrections. The only possible method by which this Court could obtain jurisdiction is by means of a Writ of Habeas Corpus. However, the Petitioner has not demonstrated that he would be entitled to immediate release if such a writ were granted. This is a necessary prerequisite for such a writ. *See In re Salisbury*, 363 P.2d 380, 381 (Okl.Cr.1961). Petitioner has alleged his action is properly brought pursuant to

the provisions of 22 O.S.1981, § 1080(e) and (f). However, the provisions of Article 2, § 10 of the Oklahoma Constitution must control in this case. The provisions of 22 O.S.1981, § 1080 attempt to replace the constitutional guarantee of the privilege of the writ of habeas corpus. This privilege cannot be suspended by the authorities of the State. Allowing a statute to replace the constitutional provisions subjects the right to vacation or limitation by the statutory language. Therefore, we find that the Post–Conviction Procedure Act applies only to challenges to the original conviction and imposition of sentence, and is properly instituted in the court in which the judgment and sentence were imposed. Challenges to unlawful custody or restraint must be initiated pursuant to the constitutional right of the writ of habeas corpus in the county where the prisoner is being held in accordance with the procedure set forth in 12 O.S.1981, § 1331 *et seq.* The burden of proof is upon the Petitioner to prove the grounds upon which he relies for release, and unsupported statements do not meet the required proof. *Harvey v. Page,* 428 P.2d 344, 345 (Okl.Cr.1967), *Shelton v. State,* 381 P.2d 324 (Okl.Cr.1963). This burden of proof extends to a showing that applicable administrative procedures have been exhausted.

Because we have found that this Court did not have jurisdiction to decide this matter in its original format and because we find that the Petitioner has not demonstrated his entitlement to immediate release, we AFFIRM the trial court in its denial of post-conviction relief holding that it did not have jurisdiction to address the issue of earned credits under the provisions of the Post–Conviction Procedure Act.

IT IS SO ORDERED.

LANE, V.P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.