**David DANIELS, Petitioner,**

v.

**STATE of Oklahoma, and Oklahoma Department of Corrections, Respondents.**

**No. O–91–136.**

Court of Criminal Appeals of Oklahoma.

April 12, 1991.

### ORDER DENYING WRIT OF MANDAMUS

The Petitioner has filed a petition for writ of mandamus with this Court challenging the administration of his sentence by the Respondents. Petitioner alleges that the application of 57 O.S.Supp.1988, §§ 138 and 224, and 57 O.S.Supp.1989, § 138, is an improper imposition of *ex post facto* laws when applied to his case.

This Court has held that 57 O.S.Supp. 1988, §§ 138 and 224, and 57 O.S.Supp. 1989, § 138, are *ex post facto* laws as applied to prisoners whose crimes were committed prior to the effective date of the November 1, 1988, and November 1, 1989, amendments. *Ekstrand v. State*, 791 P.2d 92 (Okl.Cr.1990). However, we have also held that a petition for writ of mandamus is not applicable to challenge the Department of Corrections' failure to grant credits to an inmate's sentence. *Id., Mahler v. State*, 783 P.2d 973 (Okl.Cr.1989).

The proper procedure for seeking review of the administration of a sentence by the Department of Corrections is to file a petition for writ of habeas corpus in the district court of the county where the inmate is being restrained. *Ekstrand, supra; Mahler, supra.* "However, before any such writ can be granted, a petitioner must demonstrate that under the statute in effect on the date his or her crime was committed, he or she would have earned enough credits to be entitled to IMMEDIATE release." *Ekstrand, supra.* (emphasis in original).

IT IS THEREFORE THE ORDER OF THIS COURT that Petitioner's petition for

writ of mandamus should be, and is hereby, DENIED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge