961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Curtis HARRIS, Petitioner-Appellant,
v.
H.N. SCOTT and Attorney General of The State of Oklahoma,
Respondents-Appellees.
 No. 91-7040.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from an Order of the district court adopting the Findings and Recommendations of the magistrate judge and denying his Petition for a Writ of Habeas Corpus. Petitioner contends that Okla.Stat. tit. 57, § 138 (amended in 1988 and 1989) and a prison regulation adopted from section 138, both of which concern calculation of earned credits, violate his rights to due process and are ex post facto laws. Also, Petitioner maintains his credits should be calculated under old section 138 and he should not be required to petition the Oklahoma Department of Corrections to have his credits calculated properly prior to his immediate release.
 
 
 3
 The district court denied habeas relief on the ground that Petitioner did not raise constitutional questions. We disagree; the due process and ex post facto claims both raise constitutional issues.
 
 
 4
 Before this case can be decided on the merits, however, Petitioner must prove that he has exhausted his available state remedies. See 28 U.S.C. § 2254(b), (c); Coleman v. Thompson, 111 S.Ct. 2546, 2554-55 (1991). Exhaustion is not limited to state judicial remedies; it also includes state administrative remedies. See Preiser v. Rodriguez, 411 U.S. 475, 494-95 (1973).
 
 
 5
 Respondents maintain Petitioner has not exhausted his state administrative remedies. Respondents argue that the Oklahoma Department of Corrections has a procedure whereby inmates, such as Petitioner, may petition the Department within sixty days of their release date under the old statute, and the Department will then calculate Petitioner's earned credits under old section 138.
 
 
 6
 The Department's procedures apparently were adopted in response to Ekstrand v. Oklahoma, 791 P.2d 92 (Okla.Crim.App.1990). The Oklahoma Court of Criminal Appeals held in Ekstrand that the amended statute violated ex post facto laws when it reduced the monthly earned credits available to an inmate and made the punishment for crimes committed before the amendments more onerous. Id. at 95. The court explained that a disadvantaged inmate could petition for habeas corpus relief from the state courts and obtain relief only if he would have earned enough credits under the old statute to be entitled to immediate release. Id.; see Daniels v. Oklahoma, 809 P.2d 68, 68 (Okla.Crim.App.1991).
 
 
 7
 This court, in Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir.1991), held that exhaustion was not required when an inmate sought speedier and not immediate release, because "he has no adequate or available state remedy under recent Oklahoma law." To require exhaustion under the circumstances of Wallace would be futile. Id.
 
 
 8
 Although Petitioner is not entitled to immediate release, but may be entitled to speedier release, we conclude that Wallace does not control this case. Wallace concerned only whether the inmate was entitled to speedier release versus immediate release. Because the inmate in Wallace could only petition for relief if he was entitled to immediate release, exhaustion was futile. In this case, however, Petitioner can petition the Department of Corrections within sixty days of his release to request that the Department provide him with credits under the old statute.
 
 
 9
 Accordingly, we believe that there is a likelihood that Petitioner has failed to exhaust his state administrative remedies. Petitioner is only excused from exhausting the available remedy if it is ineffective. See Harris v. Champion, 938 F.2d 1062, 1069 (10th Cir.1991). The record in this case was not sufficiently developed for us to determine whether a petition filed with the Oklahoma Department of Corrections sixty days before an inmate is entitled to release is an adequate remedy.
 
 
 10
 We remand to the district court to decide if the sixty-day petition is an adequate remedy. The district court should consider whether the Department can process the petition within sixty days of an inmate's release date under the old statute. Alternatively, the court should determine if the remedy is so ineffective that Petitioner is excused from his failure to exhaust state administrative and judicial remedies. If the district court finds that Petitioner should be excused from failure to exhaust, it should address the merits of Petitioner's claims.
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and REMANDED for further proceedings consistent with this order and judgment.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3