1998 OK CR 6

**Charles NESTELL, Sr., Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC 97–1184.**

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1998.

## ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

¶1 The Petitioner has appealed to this Court from an order of the District Court of Caddo County denying his application for post-conviction relief in Case Nos. CF–91–2 and CF–96–89. In Case No. CF–91–2, Petitioner pled guilty and was convicted of Assault and Battery With a Dangerous Weapon. He was sentenced to ten (10) years imprisonment, with four (4) years suspended. In Case No. CF–96–89, Petitioner pled guilty and was convicted of two (2) counts of Assault and Battery Upon a Police Officer. He was sentenced to ten (10) years imprisonment on each count. Petitioner failed to appeal either Judgment and Sentence to this Court.

¶2 In this proceeding, Petitioner is basing his request for relief on the Oklahoma Truth in Sentencing Act (hereinafter the "Act"). Okla. Laws 1997, ch. 133. Petitioner complains he is being denied equal protection of the law because a suspect class of violent offenders are being considered for parole under the matrix of the Act, but he is not being considered for discharge, or resentencing, under the same matrix of the Act. Petitioner asks that his present sentence(s) be modified by applying the sentencing matrix of the Act to determine when the sentence(s) should be discharged.

¶3 In order to avoid procedural bars and to allow his ground(s) for relief to be the basis of this post-conviction proceeding, Petitioner notes any propositions of error relating to the Act could not have been previously asserted in a direct appeal or prior application. He claims the Act is a new and intervening change in the law which should be applied retroactively to his case. Petitioner also claims the District Court erred by finding the Act does not become effective until July 1, 1998. He notes the parole consideration provisions in the Act became effective July 1, 1997, and contends the community sentencing provisions of the Act also became effective July 1, 1997. He argues that because those provisions are already effective, the rest of the Act should also be effective and applied to his case.

¶4 Petitioner has failed to establish entitlement to relief in this post-conviction proceeding. The portions of the Act Petitioner is trying to take advantage of are simply not yet effective and are not yet a new, much less intervening, change in the law. The Legislature has specifically declared (1) the sentencing matrix will be applied to all Judgments and Sentences entered on or after July 1, 1998; and (2) the community sentencing procedures will be applied to all crimes committed on or after July 1, 1998. Okla. Laws 1997, ch. 133, §§ 3, 8, and 13; 21 O.S.Supp.1997, §§ 9 and 13; 22 O.S.Supp. 1997, § 990a–1.

¶5 Petitioner's arguments, trying to establish the entire Act is fully effective, are unavailing. He offers no citations of authority which are on point or which support his contention that, because the parole consideration provisions of the Act are already effective, the rest of the Act should be effective. Petitioner doesn't explain why the Legislature cannot declare one part of the Act effective and retroactive, and not declare other parts of the Act effective and retroactive. Intervening changes in the law and new legislative enactments should only be applied prospectively from their effective date, unless they are specifically declared to have retroactive effect. *Ferrell v. State*, 902 P.2d 1113, 1114 (Okl.Cr.1995); Okla. Const. art. 5, § 58. Petitioner cites nothing which specifically declares that the matrix of the Act should be applied retroactively to modify his sentence. In fact, in trying to argue the Act is ambiguous, Petitioner acknowledges the Act does *not* state that the sentencing matrix should be applied retroactively to prisoners already incarcerated.

¶6 Petitioner is simply wrong by citing Section 613 of the Act and arguing the community sentencing provisions are currently effective, therefore the rest of the Act should be effective. Section 613 only makes effective certain administrative functions relating to community sentencing. The actual sentencing procedures under the community sentencing portion of the Act do not become effective until July 1, 1998, and apply only "[w]hen sentencing an offender for a crime

*committed on or after July 1, 1998.*" Okla. Laws 1997, ch. 133, § 8 (emphasis added); 21 O.S.Supp.1997, § 990a–1 (effective July 1, 1998). Because it is not yet July 1, 1998, Petitioner cannot even claim the Act provides a basis to apply for, and the District Court did not err in denying, post-conviction relief.

 ¶ 7 Even if the entire Act was currently effective, Petitioner has not established it should be applied to his case or used as the basis of this proceeding seeking modification of his sentence. Petitioner doesn't explain how the equal protection clause requires that, because the parole consideration portions of the Act are being applied and made retroactive, other portions of the Act should be applied even though they are not declared applicable or retroactive. Moreover, membership in a class consisting of prisoners does not constitute membership in a suspect class. *See e.g. McQueary v. Blodgett,* 924 F.2d 829, 834 (9th Cir.1991). Perpetrators of crime cannot claim the benefit of, and are not similarly situated to those subsequently sentenced under, a later enacted statute which lessens the culpability of their crime after it was committed. *E.g. United States v. Haines,* 855 F.2d 199, 200 (5th Cir.1988).

¶ 8 Petitioner's Judgment and Sentence is already entered, and thus will not be entered on or after July 1, 1998. Therefore, Petitioner is not similarly situated to those whose sentence will be entered on or after July 1, 1998. The sentencing matrix of the Act is not applicable to him, other than to establish parole eligibility. Okla. Laws 1997, ch. 133, §§ 3, 13 and 26; 21 O.S.Supp.1997, §§ 9 and 13; 57 O.S.Supp.1997, § 332.7. Petitioner doesn't explain why, just because the sentencing matrix is used to establish his parole eligibility, it should be applied to modify his sentence, even though it is expressly declared not applicable to his sentencing. If Petitioner had wanted his sentence to be determined under the provisions of the Act, he should have waited to commit his crime and to be sentenced until on or after July 1, 1998.

¶ 9 Finally, Petitioner claims previous decisions of this Court in *Mahler v. State,* 783 P.2d 973 (Okl.Cr.1989) and *Ekstrand v. State,* 791 P.2d 92 (Okl.Cr.1990) are convincing and must be explained. In those cases, the prisoners *did not* want a subsequently enacted statute applied to them. Here, Petitioner *does* want a subsequently enacted statute applied to him. Therefore, *Mahler* and *Ekstrand* can easily be explained as cases involving a situation completely opposite from, and not applicable to, that of Petitioner.

¶ 10 In accordance with the foregoing, this Court finds the order of the District Court denying Petitioner's application for post-conviction relief should be, and is hereby, AFFIRMED.

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Rita M. Strubhar
RITA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge