1998 OK CR 9

**Serjio Facundo CASTILLO Petitioner,**

v.

**The STATE of Oklahoma Respondent.**

No. PC 97–876

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1998.

## ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

¶1 Petitioner, pro se, filed an Application for Post–Conviction Relief in the District Court of Carter County, Case No. CF 96–180. A judge of the district court entered *Findings of Fact and Conclusions of Law* on June 10, 1997 and denied relief. From that Order, Petitioner appeals.

¶2 Petitioner was convicted of Trafficking in Cocaine in Case No. CF 96–180. He was sentenced to ten (10) years imprisonment and did not appeal. In the district court, Petitioner claimed entitlement to post-conviction relief, asserting he was denied equal protection of law because the Department of Corrections "recently considered a certain suspect class of prisoners eligible for parole consideration under" the Oklahoma Truth In Sentencing Act. The judge who considered Petitioner's Application denied the Application for Post–Conviction Relief, finding that Petitioner's complaint related to matters of parole eligibility which are outside the jurisdiction of the district court.

¶3 On appeal, Petitioner "seeks to modify his present sentence under the new and intervening change in law," the Oklahoma Truth In Sentencing Act (hereafter "Act"). Specifically, Petitioner contends that he is part of a "suspect class" of prisoners who are being considered for parole under the Act but who are not being granted an earlier discharge date under the new matrix in the Act. Petitioner submits that he is being denied the equal protection of the law because he was not granted a modification of his sentence under the new Act. He also complains that the new Act operates as an *ex post facto* law.

¶4 Because these issues relate to the enactment and enforcement of the new Oklahoma Truth In Sentencing Act, we directed a response. *See* Order Directing Response From the Attorney General, PC 97–876 (Okl. Cr. August 20, 1997) (not for publication). The Attorney General's response was filed with the Clerk of this Court on October 29, 1997.

¶5 Here, Petitioner seeks "modification" of his Judgment and Sentence based upon an

"intervening change in the law," but he has not shown how the Act constitutes an intervening change in the law or requires such "modification," when the sentencing matrixes in the Act do not become effective until July 1, 1998. *See* 1997 Okla. Sess. Laws, ch. 133, § 612; 21 O.S.Supp.1997, §§ 20.1—20.4.

¶6 Petitioner wants the sentencing matrixes in the Act to apply retroactively to him and then complains that because that portion of the Act does not apply retroactively, it must be an *ex post facto* law. Petitioner misunderstands the concept of what is an *ex post facto* law.

¶7 "Any law is ex post facto which is enacted after the offense was committed and which in relation to its consequences alters the situation of the accused to his disadvantage." *Barnes v. State*, 1990 OK CR 23, ¶3, 791 P.2d 101, 102–103, *citing Hopkins v. State*, 4 Okl.Cr. 194, 108 P. 420 (1910). Stated another way, the prohibition against *ex post facto* laws prohibits the application of any law passed after the commission of an offense which inflicts a greater punishment than the law annexed to the crime at the time it was committed. *See Conn v. Page*, 1969 OK CR 296, ¶5, 462 P.2d 346, 348.

¶8 Petitioner cannot complain that the Act violates the constitutional prohibitions against *ex post facto* laws when the sentencing matrixes of the Act are *not* retroactive in application. The Act does *not* inflict a greater punishment upon Petitioner than the law annexed to his crime at the time it was committed. It is well within the prerogative of the legislature to pass laws relating to the length of sentences; penal statutes will not violate the *ex post facto* clause of the U.S. Constitution or the Oklahoma Constitution unless they operate to disadvantage the offender affected by them.

¶9 Petitioner admits and recognizes that the parole eligibility portions of the Act are being applied retroactively, but he fails to show how those portions of the Act work to his disadvantage. The retroactive parole eligibility portion of the Act specifically does *not* replace the method of calculating parole eligibility prior to the Act, but rather includes the pre-Act criteria as a factor to determine eligibility. *See* 1997 Okla. Sess. Laws, ch. 133, § 26(A); 57 O.S.Supp.1997, § 332.7.

¶10 Further, Petitioner's claim that he is being denied equal protection of the law because he was not granted a modification of sentence is not supported by any authority. Although Petitioner argues that a strict scrutiny analysis should be applied to his equal protection claim that he is being treated differently under the Act, Petitioner cites *no* authority establishing that prisoners constitute a "suspect class," that he is being treated differently from anyone else under the Act, or that his current sentence was made more severe by the Act. He cannot claim that he is being treated differently than any prisoner "similarly situated," because *no one* has, or will be, sentenced under the Act until after July 1, 1998. Moreover, he has not established that he is a member of a suspect class or that he is "similarly situated" to those persons who *will* be sentenced under the Act. Every piece of sentencing reform legislation potentially can cause inequities in sentences imposed upon those persons sentenced prior to the legislation and those sentenced afterwards. Any argument relating to sentencing inequity is premature, as *no one* has been sentenced under the Act.

¶11 An "appeal to this Court under the Post–Conviction Procedure Act constitutes an appeal from the issues raised, the record, and findings of fact and conclusions of law made in the District Court." Rule 5.2, *Rules of the Court of Criminal Appeals*, Title 22, Ch.18, App. (1997). The district court, in denying Petitioner relief, stated that "[T]he defendant's complaint, if he has one, is with his parole eligibility.... Matters of parole eligibility are outside the jurisdiction of this Court."

¶12 Petitioner wants to be "discharged" under the new Act, because he is now eligible for parole under the Act. However, the Act does not require the "discharge" of any offender who was sentenced prior to July 1, 1998. The Act only provides that Petitioner, as well as all prisoners convicted prior to July 1, 1998, shall be *eligible for parole* at the earliest possible date under

the new Act or under the provisions of 57 O.S.Supp.1996, § 332.7(A). *See* 1997 Okla. Sess. Laws, ch. 133, § 26; 57 O.S.Supp.1997, § 332.7(A). Article VI, Section 10 of the Oklahoma Constitution grants to the Governor of the State of Oklahoma the power to grant parole upon recommendation of the Pardon and Parole Board. The discharge of an inmate from serving a lawful sentence rests solely with the Governor. *See Ex parte McClure*, 6 Okl.Cr. 241, 118 P. 591, 592 (1911); *see also Swart v. State*, 1986 OK CR 92, ¶ 17, 720 P.2d 1265. Therefore, matters relating to parole eligibility rest in the hands of the executive branch of government and, as the district court found, are outside the jurisdiction of the district court.

¶ 13  We cannot conclude from the record before us that the district court committed any error by denying "sentence modification" and post-conviction relief. Petitioner has failed to establish that the recent enactment of the provisions of the Oklahoma Truth in Sentencing Act is an intervening change in the law which requires modification of his Judgment and Sentence.

¶ 14  *THEREFORE IT IS THE ORDER OF THIS COURT* that the denial of post-conviction relief in Carter County District Court, Case No. CF 96–180, should be, and is hereby *AFFIRMED.*

**IT IS SO ORDERED.**

/s/ Charles S. Chapel,
 CHARLES S. CHAPEL,
 Presiding Judge

/s/ Rita M. Strubhar,
 RITA M. STRUBHAR,
 Vice Presiding Judge

/s/ Gary L. Lumpkin,
 GARY L. LUMPKIN,
 Judge

/s/ James F. Lane,
 JAMES F. LANE,
 Judge

/s/ Charles A. Johnson,
 CHARLES A. JOHNSON,
 Judge