**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRANCE E. DURBIN,

      Petitioner - Appellant,

    v.

KEN KLINGER,

      Respondent - Appellee.

No. 98-6332

(W.D. Oklahoma)

(D.C. No. 97-CV-1833-T)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Terry E. Durbin, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 petition.  Durbin also seeks leave to appeal in forma pauperis.[1]  We grant leave to proceed in forma pauperis, we grant Durbin's motion to supplement his brief,[2] we deny a certificate of appealability, and we dismiss Durbin's petition.

On July 23, 1997, Durbin pleaded guilty to lewd molestation and received a sentence of twenty years' imprisonment.  Although he did not appeal his sentence, he eventually initiated state court post-conviction proceedings, apparently based upon equal protection claims related to Oklahoma's newly enacted Truth In Sentencing Act, 1997 Okla. Sess. Laws ch. 133 (the "Act").  R. Vol. I, Doc. 8, Exh. B at 1; Id., Doc. 10, Exh. B.  On October 28, 1997, the Oklahoma Court of Criminal Appeals found that Durbin had failed to supply a proper record for its review.  Under such circumstances, the court indulged a "presumption of regularity in the trial court proceedings" and affirmed the state district court's denial of Durbin's petition.  Id., Doc. 8, Exh. B at 2-3.

Following the adverse state court decision, Durbin filed a § 2254 petition in federal court in the Western District of Oklahoma.  The single ground for his petition was that he was entitled to be resentenced under the new Act.  The case

---

[1]We note that 28 U.S.C. § 1915(a)(2) and (b) do not apply to § 2254 proceedings.  Cf. United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997) (holding these provisions inapplicable to § 2255 cases).

[2]However, our review discloses that none of the arguments raised by the supplemental brief was presented to the district court.  Therefore, the issues are not properly before us, and we do not consider them.  Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

was referred to a magistrate judge, and the state was ordered to file a reply. In its reply, the state argued that Durbin was procedurally barred from bringing his federal petition. After the state's filing, Durbin filed a response (the "Traverse"), in which he disputed the procedural bar. Additionally, for the first time, he claimed an Ex Post Facto Clause violation. Specifically, he claimed that because he had been considered for parole under the Act, he no longer qualified for pre-parole consideration under Okla. Stat. tit. 57 § 365.[3] R. Vol. I, Doc. 10 at 6-7.

In his Report and Recommendation ("Report"), the magistrate judge concluded that Durbin was procedurally barred, but he also ruled alternatively on the merits. Addressing the original petition, which he noted was "in large part a photocopy of a pleading being presented in several Oklahoma prisoners' petitions, all claiming that the Act's sentencing matrixes and community sentencing provisions became 'effective July 1, 1997,'" the magistrate judge concluded that federal habeas relief did not extend to correct errors of state law. Id., Doc. 11 at 5-7. Addressing the Traverse, the magistrate judge noted that Durbin had attached copies of documents demonstrating that he had received parole consideration and that he has been scheduled for future parole reconsideration,

_____

[3]Durbin also noted other early release programs which the Act eliminated. However, his brief either explicitly indicates that he had never been eligible for those programs or simply fails to claim any such eligibility. R. Vol. I, Doc. 10 at 7.

and that Durbin had not "allege[d] any constitutional infirmity related to [those] proceedings." Id. at 6. Accordingly, the magistrate judge recommended that the petition be denied.

Durbin filed timely objections which focused primarily on his entitlement to be resentenced under the new Act. Additionally, Durbin disputed the magistrate judge's conclusion as to procedural bar. Finally, Durbin claimed a violation of the Ex Post Facto Clause because the Act eliminated pre-parole. However, he made no claim as to his own eligibility for any eliminated programs, and he did not directly address the magistrate judge's conclusion that he had failed to raise any constitutional infirmity regarding his own parole proceedings. Id., Doc. 12 at 3.

Noting that Durbin's objections challenged the magistrate judge's Report "pertaining to the applicability of the new sentencing statute," the district court conducted a de novo review and adopted the Report. Id., Doc. 13.

After a thorough review of the record on appeal, we conclude that Durbin has failed to make a substantial showing of the denial of a constitutional right.[4] In an unpublished case addressing identical issues, we have recently held that the

---

[4]In this appeal, Durbin continues to dispute the validity of any procedural bar. Inasmuch as Durbin has failed to a substantial showing of the denial of a constitutional right, in any event, we need not address whether he is procedurally barred.

retroactivity of the Act's sentencing provisions is a question of Oklahoma state law not cognizable in a federal habeas petition, and that the Equal Protection Clause is not violated simply because a criminal defendant who commits a crime after the Act's effective date receives a lesser sentence than a defendant who committed a crime before the effective date. Nestell v. Klinger, No. 98-6148, 1998 WL 544361 (10th Cir. 1998). Although the Ex Post Facto Clause may be violated when a new statute eliminates parole, there is no such implication in Durbin's case, inasmuch as the documents which he has attached to his appellate brief clearly indicate that he has been and continues to be considered for parole and pre-parole on a regular basis.[5] Appellant's Br., Exhs. A-D; see also Raymer v. Enright, 113 F.3d 172, 174 (10th Cir. 1997).

Accordingly, we GRANT Durbin's application to proceed in forma pauperis and his motion to supplement his brief. Because he has failed to make a substantial showing of the denial of a constitutional right, we DENY his request for a certificate of appealability, and DISMISS his appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[5]We also note that the issue appears to have been waived by Durbin's failure to make a specific objections to the Report's conclusion that he raised no constitutional infirmity regarding parole considerations. See Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996).