**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 13 1999**

**TENTH CIRCUIT**

_____

DENNIS OLEN COGGIN,

     Petitioner-Appellant,

v.

RON CHAMPION; THE ATTORNEY
GENERAL OF THE STATE OF OKLAHOMA,

     Respondents-Appellees.

No. 99-6028
(W.D. Okla.)
(D.Ct. No. 98-CV-1446-A)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Dennis Olen Coggin, an Oklahoma state inmate appearing *pro se*, appeals the district court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We deny his request for a certificate of appealability and dismiss his appeal.[1]

A jury convicted Mr. Coggin of first degree felony murder, and the state trial court sentenced him to a minimum sentence of life in prison with the possibility of parole. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed his conviction and sentence.

Mr. Coggin filed his federal habeas corpus petition claiming his sentence must be retroactively modified based on the newly enacted Oklahoma Truth in Sentencing Act, effective July 1, 1999, which establishes a new minimum sentence of eighteen- to sixty-years in prison for first-degree felony murder. In the event the new Act is not applied retroactively, he claimed violation of his

---

[1] As to the timely filing of Mr. Cogin's notice of appeal, the record shows the district court rendered its judgment November 25, 1998, and Mr. Coggins delivered the notice of appeal to prison authorities for mailing December 21, 1998. Even though Mr. Coggin's notice of appeal was not filed until January 13, 1999, under Rule 4(c) of the Federal Rules of Appellate Procedure, his notice of appeal is deemed filed at the time of his delivery to prison authorities. Thus, we find his notice of appeal timely filed within thirty days of the district court's entry of judgment and exercise our jurisdiction.

equal protection rights for treatment different than those prisoners who received shorter sentences when sentenced under the new Act. In addition, Mr. Coggin suggested that because he has been classified under the new Act for the purposes of parole, he should be similarly classified under the Act for the purpose of his sentence.

The federal district court assigned the matter to a magistrate judge who recommended dismissing the petition. In first addressing Mr. Coggin's failure to exhaust his state remedies by not seeking post-conviction relief, the magistrate judge determined: (1) the circumstances warranted consideration of his petition on its merits, and (2) the Oklahoma Court of Criminal Appeals' prior decisions, adverse to Mr. Coggin, made any post-conviction filings futile.

Proceeding to the merits of the petition, the magistrate judge determined Mr. Coggin's claims relating to his sentence did not raise a federal constitutional question because his sentence was not outside the range of punishment allowable by state law at the time of his sentence. Similarly, the magistrate judge found the question of retroactive application of the new Act, effective July 1, 1999, a matter of state law, and noted the Oklahoma Court of Criminal Appeals previously determined the Act has no retroactive application. Finally, the magistrate judge

rejected Mr. Coggin's equal protection argument based on his finding that Mr. Coggin was not similarly situated to those individuals committing the same crime after the effective date of the Act.

The district court adopted the magistrate judge's recommendations and, based on analogous rulings by this court, rejected Mr. Coggin's argument that the Act must be applied retroactively in order to change his life sentence to a determinate sentence. As to Mr. Coggin's conclusory argument that he should be sentenced under the Act because he has been classified under the Act for purposes of parole, the district court determined Mr. Coggin received the sentence and parole eligibility standards in existence at the time of his crime, and had not shown: (1) his parole period or sentence had increased, as required for a showing of an *ex post facto* violation; or (2) criminals convicted and sentenced to life imprisonment on the same date as Mr. Coggin received a determinative sentence under the Act for parole eligibility purposes, as required for an equal protection claim. Based on these rulings, the district court denied Mr. Coggin's petition and request for a certificate of appealability.

On appeal, Mr. Coggin raises the same arguments raised in his petition and addressed by the district court. We review the district court's factual findings for

clear error and its legal basis for dismissal of Mr. Coggin's petition *de novo*. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied,* 119 S. Ct. 378 (1998). We presume the state court's factual findings are correct and afford deference to the state court's construction of state law. *Id.* In order for Mr. Coggin to proceed on appeal, he must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). After a careful review of the record, we agree with the district court that Mr. Coggin fails to make the requisite showing, and note the district court's disposition of this case is consistent with our dismissal of similar habeas cases and the Oklahoma Court of Criminal Appeals' disposition of similar issues concerning the Act. *See Castillo v. State*, 954 P.2d 145 (Okla. Crim. App. 1998); *Nestell v. State*, 954 P.2d 143 (Okla. Crim. App. 1998). For these reasons, we adopt the reasoning set forth in the district court's Order of November 25, 1998 and the magistrate judge's Report and Recommendation of October 28, 1998, and attach them hereto.

Accordingly, we deny Mr. Coggin's request for a certificate of appealability and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-5-

Attachments not available electronically.