F I L E D
United States Court of Appeals
Tenth Circuit

NOV 15 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT E. TURNER,

      Petitioner - Appellant,

v.

RON CHAMPION,

      Respondent - Appellee.

No. 98-6480

W.D. Oklahoma

(D.C. No. CV-98-1319-R)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert Earl Turner, an Oklahoma state prisoner appearing pro se, applies for a certificate of appealability to appeal the district court's dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We deny his request for a certificate of appealability and dismiss the appeal.

Mr. Turner is serving a life sentence with the possibility of parole following a conviction by jury for first degree murder in the District Court for Oklahoma County. In 1992, the Oklahoma Court of Criminal Appeals affirmed his conviction. In 1997, Oklahoma passed the Truth In Sentencing Act ("Act"). See 1997 Okla. Sess. Laws ch. 133. Turner filed his petition on September 22, 1998,[1] based upon equal protection and due process claims under the Fourteenth Amendment related to sentencing changes under the Act. Turner argues that the Act "alters the 'Life' Sentence from a previously indeterminate sentence, with a release based solely on parole, to a determinate, dischargable [sic] sentence of eighteen (18) to sixty (60) years." Appellant's Br. at A-15. Turner argues that the new Act should apply retroactively to him to reduce his sentence. He claims

---

[1] We assume his petition is timely. The district court determined Turner's claims to be premature because the portions of the Act relied on "do not become effective until July 1, 1999; however, the Oklahoma Court of Criminal Appeals has already held that the sentencing matrix portion of the Act does not apply retroactively except to establish parole eligibility." Turner v. Champion, No. CIV-98-1319-R, slip op. at 6 (W.D. Okla. Oct. 27, 1998) (citing H.B. 1002, 46th Leg., 1st Ex. Sess., 1998 Okla. Sess. Laws 2; Nestell v. State, 954 P.2d 143, 144-45 (Okla. Crim. App. 1998)).

that the Act treats those convicted of the same crime before the Act differently than those convicted after the Act in violation of equal protection of the laws. Further, he asserts that the Act created a liberty interest in parole eligibility that cannot be denied him without due process.

The district court dismissed the petition on the merits, concluding that the failure to apply the Act to modify or reduce Turner's sentence does not violate his due process or equal protection rights.[2]  In a multitude of unpublished cases, we have found that the Act does not create any federal constitutional claim—whether ex post facto,[3] due process, or equal protection—for those prisoners seeking resentencing under it and thus have denied habeas relief.  See Coggin v. Champion, No. 99-6028, 1999 WL 614700 (10th Cir. Aug. 13, 1999) (equal protection and ex post facto); Still v. Klinger, No. 98-6227, 1999 WL 569058

---

[2]Because Turner's prior federal habeas corpus petition was denied on the merits, the magistrate judge recommended the petition be referred to this court pursuant to 28 U.S.C. § 1631 to determine if the petition is authorized as a second and successive habeas petition.  In the alternative, the magistrate judge recommended that the petition be denied.  The district court determined that this was not a second and successive petition because the Act did not exist at the time of his previous petition.

[3]We have found that an elimination of a pre-parole program or early release program could violate the Ex Post Facto Clause.  See McMeekan v. Klinger, No. 98-6247, 1998 WL 852551 (10th Cir. Dec. 10, 1998); Mulhausen v. Klinger, No. 98-6270, 1998 WL 826850 (10th Cir. Dec. 1, 1998); Blue v. Klinger, No. 98-6159, 1998 WL 738341 (10th Cir. Oct. 22, 1998).  Turner does not assert this claim; in fact, Turner seems to be arguing that the Act would improve his possibility of parole.

(10th Cir. Aug. 4, 1999) (ex post facto); Woods v. Klinger, No. 98-6185, 1999 WL 79398 (10th Cir. Feb. 19, 1999) (ex post facto); Moore v. Klinger, No. 98-6266, 1999 WL 50828 (10th Cir. Feb. 3, 1999) (ex post facto, due process, and equal protection); Durbin v. Klinger, No. 98-6332, 1998 WL 894952 (10th Cir. Dec. 24, 1998) (ex post facto and equal protection); Nestell v. Klinger, No. 98-6148, 1998 WL 544361 (10th Cir. Aug. 27, 1998) (ex post facto and equal protection); Cotner v. Hargett, No. 96-6349, 1998 WL 4334 (10th Cir. Jan. 8, 1998) (no denial of any federal constitutional right).

Turner raises no new issues not addressed in these cases. He has not shown that he is a member of a protected class. Further, he has not shown that he was sentenced differently than others convicted at the same time he was convicted. He is not similarly situated to those who committed their crimes after the effective date of the Act. "[T]he Equal Protection Clause is not violated simply because a criminal defendant who commits a crime after the Act's effective date receives a lesser sentence than a defendant who committed a crime before the effective date." See Durbin, 1998 WL 894952 at *2. Also, Turner has not shown a liberty interest required to prove denial of due process. We agree with the reasoning of the cases cited above which, in turn, are consistent with the Oklahoma Court of Criminal Appeals' disposition of similar issues concerning the Act, see Castillo v. State, 954 P.2d 145 (Okla. Crim. App. 1998) (no ex post facto

-4-

or equal protection violation); <u>Nestell v. State</u>, 954 P.2d 143 (Okla. Crim. App. 1998) (no equal protection violation), and analogous federal cases, <u>see</u> <u>United States v. Hayes</u>, 929 F.2d 741 (D.C. Cir. 1991) (Sentencing Guidelines); <u>McQueary v. Blodgett</u>, 924 F.2d 829 (9th Cir. 1991) (Washington state Sentencing Reform Act).

Because he has failed to make a substantial showing of the denial of a constitutional right to equal protection or due process, we DENY Turner's request for a certificate of appealability, and DISMISS his appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge