OSCN Found Document:HAMMON v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 HAMMON v. STATE
2023 OK CR 19
Case Number: PC-2023-176
Decided: 11/28/2023
GLEN DALE HAMMON, Petitioner v. THE STATE OF OKLAHONA, Respondent

Cite as: 2023 OK CR 19, __ __

 

ORDER REVERSING DISMISSAL
OF POST-CONVICTION APPLICATION
¶1 Petitioner, pro se, appeals the order of the District Court of Oklahoma County dismissing his application for post-conviction relief in Case No. CF-2000-6659. In December 2001, a jury convicted Petitioner of drug and firearms offenses. He was sentenced to terms of imprisonment totaling seventy years. The convictions and sentences were affirmed on direct appeal in an opinion handed down on April 1, 2003. See Hammon v. State, Case No. F-2001-1496 (Okl.Cr. April 1, 2003) (not for publication).
¶2 At the time Petitioner's judgment and sentence was affirmed, there was no limitations period governing the filing of a post-conviction application pursuant to the Post-Conviction Procedure Act. See 22 O.S.2001, § 1080, et seq.[1] This remained the case until November 1, 2022, when Section 1080.1 of Title 22 of the Oklahoma Statutes became effective. This Section instituted a limitations period for filing post-conviction applications which provides in pertinent part:
A one-year period of limitation shall apply to the filing of any application for post-conviction relief, whether an original application or a subsequent application. The limitation period shall run from the latest of:
1. The date on which judgment of conviction or revocation of suspended sentence became final by the conclusion of direct review by the Oklahoma Court of Criminal Appeals or the expiration of the time for seeking such review by the Oklahoma Court of Criminal Appeals[.] 
22 O.S.Supp.2022, § 1080.1 (A)(1).[2] The statute permits several narrow exceptions to this one-year period, none of which apply here.
¶3 On January 5, 2023, Petitioner filed the post-conviction application that is the subject of this appeal. On February 6, 2023, the State filed a motion to dismiss the application. The State argued that because more than one year had elapsed since Petitioner's conviction became final, his application should be barred under Section 1080.1. On February 8, 2023, the Honorable Cindy Truong, District Judge, granted the State's motion and dismissed the application as time barred.
¶4 Petitioner appealed. He filed his petition in error and brief on March 7, 2023. On July 3, 2023, we directed Judge Truong, or her designated representative, to respond to Petitioner's claim that Section 1080.1 should not be applied to retroactively bar his application. The District Court's response was filed on August 17, 2023. On August 11, 2023, we granted the motion of the Oklahoma Attorney General's Office to file an amicus curiae brief. The Attorney General's brief was filed on September 25, 2023.
¶5 "A law is retrospective if it changes the legal consequences of acts completed before its effective date." Miller v. Florida, 482 U.S. 423, 430 (1987) (citations omitted). Application of the new limitations period to Petitioner would bar the filing of any post-conviction application as of April 1, 2004, some eighteen years prior to the statute's effective date. There is a heavy presumption against such a result. See Landgraf v. ISI Film Products, 511 U.S. 244, 280 (1994) ("If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.").
¶6 The presumption against retroactive legislation is "deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." Id., at 265. Retroactive statutes are disfavored because they raise "special concerns" due to the government's "unmatched powers ... to sweep away settled expectations...." I.N.S. v. St. Cyr, 533 U.S. 289, 315 (2001). The presumption against them is founded on "[e]lementary considerations of fairness" and is "express[ed] in several provisions of our Constitution," including the Ex Post Facto Clause, the Fifth Amendment's Takings Clause, the prohibitions on "Bills of Attainder" in Art. I, §§ 9-10, and the Due Process Clause. Landgraf, 511 U.S. at 266.
¶7 However robust, the presumption against retroactive legislation remains just that, a presumption. After all, within constitutional limits, the Legislature has "the power to enact laws with retrospective effect." St. Cyr, 533 U.S. at 316. However, it must do so with unmistakable clarity. Id. See Nestell v. State, 1998 OK CR 6, ¶ 5, 954 P.2d 143, 144 (new legislative enactments should be applied prospectively unless they are "specifically declared" to have retroactive effect).
¶8 According to Section 1080.1(C), the limitations period "shall apply to any post-conviction application filed on or after the effective date of this act." According to its terms, the limitations period applies to both "original" and "subsequent" applications. 22 O.S.Supp.2022, § 1080.1 (A). We must determine whether this language evidences the Legislature's intent to retroactively bar applications, both original and subsequent, upon the effective date of the legislation. Ultimately, we agree with the position taken by the Oklahoma Attorney General's office in its amicus curiae brief that the Legislature did not intend such a result.
¶9 The Oklahoma Legislature has explicitly embraced the presumption against retroactive legislation. See 22 O.S.2011, § 3 ("No part of this code is retroactive unless expressly so declared."). To this end, when the Legislature intends legislation to have retroactive effect, it does so in unmistakable terms. See e.g., 22 O.S.Supp.2021, § 991c(E) ("The provisions of subsection D of this section shall be retroactive"); 47 O.S.Supp.2023, § 759(G) ("The provisions of subsections B and C of this subsection shall be retroactive."). Section 1080.1 contains no such language.
¶10 Absent specific language to the contrary the statute must be interpreted to provide a reasonable opportunity to bring the action:
"It may be properly conceded that all statute of limitations must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statute could not bar the existing rights of claimants without affording this opportunity; if it should attempt to do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions. It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action...."

Texaco, Inc. v. Short, 454 U.S. 516, 527 n.21(1982) (quoting Wilson v. Iseminger, 185 U.S. 55, 62-63 (1902)). See Block v. North Dakota ex rel. Board of Univ. & School Lands, 461 U.S. 273, 286 n.23 (1983) ("statutes of limitations must allow a reasonable time after they take effect for the commencement of suits upon existing causes of action") (internal quotation marks omitted); Terry v. Anderson, 95 U.S. 628, 632-33 (1877) ("statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect");Wolfe v. Phillips, 172 F.2d 481, 485 (10th Cir. 1949) ("A state may constitutionally shorten the periods of limitation fixed by previously existing statutes and make the amended statute applicable to existing causes of action, provided it affords a reasonable time within which suits for such existing causes of action may be commenced."). 
¶11 Where, as here, the statute is silent as to the grace period to be allowed, the courts must fashion a grace period that is appropriate to the circumstances. See United States v. Morena, 245 U.S. 392, 397 (1918). Particularly in proceedings with the potential to affect life and liberty, courts should avoid "ad hoc equitable devices" and strive for a rule that is both "clear and fair." Lonchar v. Thomas, 517 U.S. 314, 330 (1996).
¶12 We conclude that a one-year grace period is appropriate. This affords the affected petitioners as much time as their counterparts whose convictions became final after Section 1080.1 became effective and avoids potential unfairness. Accordingly, petitioners whose convictions became final on or before November 1, 2022, had until November 1, 2023, to file their application for post-conviction relief. Petitioner's application was therefore not untimely.
¶13 The order of the District Court dismissing Petitioner's application for post-conviction relief is REVERSED. Petitioner's motion to file a reply brief out of time is DENIED. This matter is remanded to the District Court for proceedings not inconsistent with this order. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2023), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
¶14 IT IS SO ORDERED.
¶15 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 28th day of November, 2023.
 

/S/SCOTT ROWLAND, Presiding Judge
/S/ROBERT L. HUDSON, Vice Presiding Judge
/S/GARY L. LUMPKIN, Judge
/S/DAVID B. LEWIS, Judge
/S/WILLIAM J. MUSSEMAN, Judge
ATTEST:
/s/John D Hadden
Clerk

FOOTNOTES
[1] In fact, on two previous occasions Petitioner sought and was denied post-conviction relief by the District Court, once in 2004 and again in 2020. We affirmed these denials in Hammon v. State, Case No. PC-2004-513 (Okl.Cr. July 8, 2004) (not for publication) and Hammon v. State, Case No. PC-2022-265 (Okl.Cr. April 19, 2022) (not for publication), respectively.
[2] This order only interprets this particular section of the legislation.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1998 OK CR 6, 954 P.2d 143, 69 OBJ 502, 
Nestell v. State
Discussed

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 991c, 
Deferred Sentence
Cited

 
22 O.S. 1080.1, 
One-year Period of Limitation for Filing
Discussed

 
22 O.S. 3, 
Code Not Retroactive Unless Expressly Declared
Cited

 
22 O.S. 1080, 
Post-Conviction Procedure Act - Right to Challenge Conviction or Sentence.
Cited

Title 47. Motor Vehicles

 
Cite
Name
Level

 
47 O.S. 759, 
Board of Tests for Alcohol and Drug Influence - Members - Authority - Rules - Revolving Fund
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA